Charles Derosett appeals from a judgment of the common pleas court which determined him to be a sexual predator in accordance with the provisions of R.C. 2950.09(B)(3). On appeal, he raises constitutional challenges to the sexual predator law, the sufficiency of the evidence, and the registration requirements. After a careful review of these issues, we affirm the judgment of the trial court.
The record here reveals that after being indicted on nine counts of rape involving his two stepdaughters, ages ten and eleven, Derosett pled guilty to two counts of rape on April 14, 1983, and the court sentenced him to terms of four to twenty-five years on each count.
On April 28, 1998, the court conducted a sexual predator classification hearing. At that hearing, the court reviewed the facts of the case, noted the victims' ages at the time of the offenses, the fact that multiple rapes had occurred repeatedly over a course of three and a half years, the fact that Derosett took advantage of his position of authority as their stepfather in facilitating the crimes, and the nature of the sexual conduct. The defense offered no evidence, but made allegations that the reduced charges to which Derosett pled guilty resulted from the victims recanting, and that during his incarceration, Derosett completed an 18-month sexual offender program and an 18-month alcohol program. At the conclusion of the hearing, the court determined Derosett to be a sexual predator.
Derosett now appeals from this determination, and presents eleven assignments of error for our review. Derosett's third and eleventh assignments of error state:
 III. R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 XI. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF O.R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
These same issues have been decided in State v. Cook (1998),83 Ohio St.3d 404. The syllabus there reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Accordingly, these assignments of error are overruled.
Assignments of error one, four, five, six, seven, eight, nine, and ten state:
 I. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF R.C. 2950.01 ET AL. WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF R.C. 2950.01 ET SEQ. IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S R.C. 2950.09 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. R.C. 2950.01 ET SEQ. IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. R.C. 2950.01 ET SEQ. IS AN UNCONSTITUTIONAL BILL OF ATTAINDER UNDER ARTICLE I, SECTION 9, OF THE UNITED STATES CONSTITUTION THEREBY VIOLATING APPELLANT'S RIGHTS.
 VIII. R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. R.C. 2950.01 ET SEQ., WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
These concern issues which have been decided by a panel of our court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ App.3d ___. Accordingly, in conformity with that opinion, we reject these contentions and overrule these assignments of error.
Derosett's second assignment of error states:
 II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Derosett contends the court erred in determining him to be sexual predator because the state did not present clear and convincing evidence that he is likely to participate in sexually oriented offenses in the future. The state maintains that it sustained its burden of proof in this regard. Thus, the issue before us concerns whether the trial court correctly determined Derosett to be a sexual predator.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
In its consideration of relevant factors following the hearing in this case, the court noted the victim's ages of ten and eleven, considered the continuing nature of Derosett's sexual conduct with the victims over a three and a half year period, and the fact that Derosett took advantage of his position of authority as their stepfather in facilitating the offenses.
After reviewing the record in this case and considering the oral arguments of counsel, we observe that Derosett, then 21 years old, began to rape his two stepdaughters who were ten and eleven years of age at that time, and he continued to rape them over a period of three and a half years; that the rapes had been committed against multiple victims; that the continuing nature of this conduct demonstrated an ongoing pattern of abuse; that the abuse of his parental authority as their stepfather by raping his own stepdaughters displayed cruelty and placed them in a position where they could not resist his advances nor avoid his presence. This constitutes an additional behavioral characteristic which contributed to Derosett's conduct.
Similarly, in State v. Torres (March 18, 1999), Cuyahoga App. No. 72717, unreported, we affirmed the trial court's judgment classifying an offender as a sexual predator in connection with his guilty plea to attempted rape of his two sons, ages four and five. Further, in State v. Huryat (April 29, 1999), Cuyahoga App. No. 73156, unreported, we affirmed the trial court's judgment classifying an offender as a sexual predator after he pled guilty to two counts of sexual battery with violence specifications for actions involving his two nephews, ages four and six.
Accordingly, the state presented clear and convincing evidence that Derosett is a sexual predator, and the trial court did not err in making this determination. Therefore, this assignment of error is not well taken, it is overruled, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. CONCURS:
 DIANE KARPTNSKI, J., CONCURRING IN PART AND DISSENTING IN PART (See attached Concurring and Dissenting Opinion.)
JUDGE TERRENCE O'DONNELL